# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LOUIS A. WINGARD, III,**

    **Plaintiff,**

**vs.**                                            **Case No. 4:20cv341-AW-MAF**

**UNKNOWN DEFENDANT,**

    **Defendant.**
_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case in early July 2020 by filing a motion requesting leave to proceed in forma pauperis, ECF No. 2, and a civil rights complaint filed under 42 U.S.C. § 1983, ECF No. 1. Plaintiff's in forma pauperis motion was properly supported and demonstrated Plaintiff's entitlement to proceed with in forma pauperis status. Thus, an Order was entered on July 6, 2020, granting Plaintiff's motion. ECF No. 4. Based on his inmate bank account statement and pursuant to § 1915(b), Plaintiff was assessed an initial partial filing fee of $76.00 which was required to be paid on or before August 7, 2020. *Id.*

On July 29, 2020, Plaintiff filed a notice of change of address, ECF No. 5, indicating he had been transferred to Mayo Correctional Institution Annex. Within that notice, Plaintiff advised that the last document Plaintiff received from this Court "was dated July 6, 2020." ECF No. 5 at 1.

Noting that it appeared Plaintiff had received the in forma pauperis Order, ECF No. 4, a Report and Recommendation was entered on October 1, 2020, recommending dismissal because the fee had not been paid. ECF No. 7. Without objection, the recommendation was adopted and this case dismissed for failure to prosecute on November 8, 2020. ECF No. 8. The Clerk entered judgment on November 10, 2020. ECF No. 9.

On November 23, 2020, Plaintiff filed a "Motion in Opposition to Court's Recommendation" and stated that he had "never received" the July 6, 2020, Order granting him in forma pauperis status or directing him to pay the assessed initial partial filing fee. ECF No. 10. Plaintiff's motion has been treated as "a motion to amend the judgment or for relief from the judgment under Rule 59 or Rule 60" and referred to the undersigned for consideration. ECF No. 11.

Plaintiff states within his motion that the "only document" he received was the pro se memorandum sent by the Clerk's Office on July 6, 2020. *Id.*

Case No. 4:20cv341-AW-MAF

He advised that he did not receive the Report and Recommendation until November 16, 2020, and requests that this case be reinstated. *Id.* at 2.

The Report and Recommendation was based on the assumption that the July 6th document Plaintiff received was the in forma pauperis Order. Yet the Clerk's Office did, in fact, mail the "notice to pro se" memorandum on July 6, 2020. ECF No. 3. It is likely that those documents were mailed separately considering that staff in the Clerk's Office were working remotely at that time due to the COVID-19 pandemic.

It is also noted that a staff note was entered on the docket on November 10, 2020, indicating that Plaintiff had submitted a letter of inquiry concerning his in forma pauperis motion. The docket indicates the Order, ECF No. 4, and Report and Recommendation, ECF No. 7, were remailed to Plaintiff on or about November 10, 2020. That also sufficiently demonstrates that Plaintiff did not receive the in forma pauperis Order.

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, a party may be relieved from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Not having received the Order or Report and Recommendation in time to respond justifies relief. Because Plaintiff

cannot be expected to comply with an Order he never received, the judgment should be vacated and Plaintiff permitted to proceed with this case. Plaintiff should also be given additional time in which to pay the assessed initial partial filing fee.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for relief from judgment, ECF No. 10, be **GRANTED** pursuant to Rule 60(b)(6), that the judgment, ECF No. 9, be **VACATED**, and Plaintiff be given thirty days in which to comply with the prior Order, ECF No. 4, which should again be mailed to Plaintiff at his current address.

**IN CHAMBERS** at Tallahassee, Florida, on December 3, 2020.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.