# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LOUIS A. WINGARD, III,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 4:20cv341-AW-MAF**

**LIBRARY SUPERVISOR SPRIGLE,**
**OFFICER VANN, and MS. SMALL,**

    **Defendants.**

_____/

## THIRD REPORT AND RECOMMENDATION[1]

Plaintiff, a pro se inmate proceeding with in forma pauperis status, filed a second amended complaint civil rights complaint, ECF No. 22, in mid-May 2021. Service was directed on the three named Defendants, ECF No. 25, and was returned executed on Defendant Vann, ECF No. 29, but unexecuted as to Defendants Sprigle, ECF No. 27, and Small, ECF No. 28.

---

[1] The first Report and Recommendation entered in this case was on October 1, 2020, and recommended this case be dismissed for failure to prosecute. ECF No. 7. That recommendation was adopted without objection and the case dismissed. ECF No. 8. However, a Second Report and Recommendation was entered on December 3, 2020, recommending Plaintiff's motion for relief from judgment be granted. ECF No. 12. That recommendation was also adopted and the prior judgment was vacated. ECF No. 13.

A notice of appearance of counsel was filed on behalf of Defendant Vann on July 23, 2021. ECF No. 32. Although Defendant Vann was served with process on June 23, 2021, ECF No. 29, no response to the complaint was filed by the August 23, 2021, deadline. The Clerk of Court entered Defendant Vann's default on the docket pursuant to Federal Rule of Civil Procedure 55(a). ECF Nos. 35-36.

On August 31, 2021, Defendant Vann filed a motion to set aside the default and to provide the Defendant with a thirty day extension of time in which to file a motion to dismiss. ECF No. 37. The motion explained that "service papers were sent from Defendant Vann to the Department of Corrections, then forwarded to the Department of Financial Services Division of Risk Management, then forwarded to the Office of the Attorney General, where" counsel was assigned. *Id.* at 2. "[A]n inadvertent administrative error caused the due date for the response to be taken off the calendar" for an unknown reason.

Pursuant to Rule 55, "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Here, the Clerk entered a default, ECF No. 36, but a default judgment has not been entered. The appropriate standard

is that of Rule 55(c) - whether there has been "good cause." Notably, the "good cause standard" is far less rigorous than the "excusable neglect standard" which is applied in setting aside a default judgment. EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990); Trinity Aviation Servs., Ltd. v. Lopez, 635 F. App'x 853, 854 (11th Cir. 2016). Additionally, within the Eleventh Circuit is a "strong preference that cases be heard on the merits," Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam), and litigants be afforded "his or her day in court, if possible." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005). "'[A] technical error or a slight mistake' by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." Blois v. Friday, 612 F.2d 938, 940 (5th Cir. 1980) (per curiam) (quoted in Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)).

    An Order was entered the same day Defendant Vann filed the motion to set aside the default advising that Federal Rule of Civil Procedure 55 permits a court to "set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). While "good cause" has been deemed to be a "mutable standard, varying

from situation to situation," it has generally been held to require at least three things: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted).

Defendant Vann demonstrated good cause for setting aside the default as required by Rule 55 by showing that it was not willful, but an inadvertent mistake. Additionally, Defendant Vann acted promptly to correct that mistake. ECF No. 37. A "quick response further supports a finding of good cause." Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018). Furthermore, there is no apparent prejudice to Plaintiff in this delay. Indeed, nothing has been received from Plaintiff concerning this case since his submission of the service copies of his complaint in early June 2021. ECF No. 24.

However, Defendant Vann did not present a potentially meritorious defense. Instead, Defendant Vann requested a thirty day extension of time to "review records and draft a motion," explaining "valid grounds for dismissal" were apparent. ECF No. 37 at 3. Because a court is not

required to rely upon "bald assertions that [Defendant has] a meritorious defense," Sherrard, 724 F. App'x at 739, Defendant was directed to supplement the motion to set aside the default by demonstrating a meritorious defense.  ECF No. 38; *see* Benton v. Redding, No. 4:17513-RH-CAS, 2018 WL 3029262, at *1 (N.D. Fla. June 18, 2018).

On September 15, 2021, Defendant Vann filed a supplement to the motion to vacate default, ECF No. 43, and on September 17, 2021, Defendant Vann filed an answer to the Plaintiff's second amended complaint, ECF No. 47.  Review of Defendant's answer reveals that Defendant challenges the factual basis for Plaintiff's claims and also contends that Plaintiff has not presented a valid First Amendment claim. ECF No. 47 at 5.  Because the answer provides several arguments supporting the defenses raised, *id.*, it does provide "more than general denials offered only at the highest order of abstraction."  In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1296 (11th Cir. 2003).

Notably, "[a] defendant has a meritorious defense if it raises a good defense at law."  United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir.1983) (relied on in Retina-X Studios, LLC v. ADVAA, LLC, 303 F.R.D. 642, 657 (M.D. Fla. 2014)).  "[W]hether a defense is

meritorious does not depend on its likelihood of success." Retina-X Studios, LLC, 303 F.R.D. at 657. Here, it appears that Defendant has a potentially meritorious defense, the default was not willful, and there has been no showing of prejudice to the Plaintiff. Accordingly, Defendant's motion to vacate the default, ECF No. 37, should be granted and Defendant Vann permitted to proceed.

## RECOMMENDATION

It is respectfully recommended that Defendant Vann's motion to set aside the clerk's default, ECF No. 37, be **GRANTED** along with the supplement, ECF No. 43, and Defendant permitted to proceed in this action with the answer, ECF No. 47, submitted on September 17, 2021. It is further recommended that the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 20, 2021.

          S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.