# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LOUIS A. WINGARD,**
**D.O.C. # 099352,**

     **Plaintiff,**

**vs.**                    **Case No. 4:20cv341-AW-MAF**

**LIBRARY SUPERVISOR SPRIGLE,**
**OFFICER VANN, and MS. SMALL,**

     **Defendants.**

_____/

## FOURTH REPORT AND RECOMMENDATION[1]

The operative pleading in this case is Plaintiff's second amended complaint [hereinafter "complaint"].  ECF No. 22.  At issue in this case is the loss of approximately 2,200 pages of discovery (photographs) from Plaintiff's legal materials which had been stored in the Excess Legal

---

[1] The first Report and Recommendation was entered on October 1, 2020, and recommended dismissal for failure to prosecute. ECF No. 7.  The recommendation was adopted without objection and the case dismissed. ECF No. 8.  However, a Second Report and Recommendation was entered on December 3, 2020, recommending Plaintiff's motion for relief from judgment be granted. ECF No. 12. That recommendation was also adopted and the prior judgment was vacated. ECF No. 13.  The Third Report and Recommendation, ECF No. 49, concerned Defendant Vann's motion to set aside the default.  Again, that recommendation was adopted.  ECF No. 55.

Property Storage Room at Taylor Correctional Institution.  *Id.*  Plaintiff

contends the Defendants took actions "due to their antipathy for Plaintiff

and the crimes for which" he was convicted and in violation of his First

Amendment right to access the courts and in violation of Article I of the

Florida Constitution.  ECF No. 22 at 7.

Defendant Vann filed an answer, ECF No. 47, and Defendants Small

and Sprigle filed a separate answer, ECF No. 56, to Plaintiff's complaint.

The discovery period began in November 2021, ECF No. 57, and ended in

February 2022.  At the conclusion of the discovery period, Defendants filed

a motion for summary judgment, ECF No. 69, supported by a separately

filed "Exhibit A."  ECF No. 71.  The pro se Plaintiff was informed of his

burden in opposing the motion, ECF No. 70, and he filed his opposition on

June 21, 2022.  ECF No. 77.  Defendants did not file a reply.  The

summary judgment motion is ready for a ruling.

**Standard of Review**

It is appropriate to "grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Thus,

summary judgment is proper "after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  As noted above, the parties were provided adequate time to conduct discovery and no party requested an extension of that time.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving party must then show[2] though affidavits or other Rule 56 evidence "that there is a genuine issue for trial" or "an absence of evidence to support the

---

[2] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998) (quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553) (quoting Fed. R. Civ. P. 56(c), (e))).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

nonmoving party's case." *Id.* at 325, 106 S. Ct. at 2554; Beard v. Banks, 548 U.S. 521, 529, 126 S. Ct. 2572, 2578, 165 L. Ed. 2d 697 (2006).

An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).  Additionally, "the issue of fact must be 'genuine'" and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (other citations omitted).  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)).  All reasonable inferences must be resolved in the light most favorable to the nonmoving party, Sconiers v. Lockhart, 946 F.3d 1256, 1262-63 (11th Cir. 2020), and the Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

Hickson Corp., 357 F.3d at 1260 (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986)).

"Summary judgment is not a time for fact-finding; that task is reserved for trial."  Sconiers, 946 F.3d at 1263 (11th Cir. 2020) (citing Tolan v. Cotton, 572 U.S. 650, 655-57, 134 S. Ct. 1861, 188 L. Ed. 2d 895 (2014)). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249, 106 S. Ct. at 2511 (quoted in Sears v. Roberts, 922 F.3d 1199, 1205 (11th Cir. 2019)).

**The Relevant Rule 56(e) Evidence**

Plaintiff arrived at Taylor Correctional Institution in April 2017 "with a large amount of legal documents/files related to his criminal" conviction from the Fourth Judicial Circuit, case # 16-2011-CF-011871.  ECF No. 22 at 3.[3]  Because his legal materials would not fit in the storage space allotted to him, Plaintiff was required to store his materials in the Excess

---

[3] Plaintiff's complaint was signed under penalty of perjury and, thus, facts alleged therein constitute evidence which is properly considered in ruling on summary judgment.  Sears v. Roberts, 922 F.3d 1199, 1206 (11th Cir. 2019); Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1098 (11th Cir. 2014) (cited in Sanchez v. Sanchez, No. 5:10cv288-RH/EMT, 2015 WL 5016842, at *1 (N.D. Fla. Aug. 24, 2015).

Case 4:20-cv-00341-AW-MAF    Document 78    Filed 11/15/22    Page 6 of 24

Page 6 of 24

Legal Property Storage Room.  *Id.* at 4.  Plaintiff completed a "Request for Storage of Excess Active Legal Materials" form and an "Excess Active Legal Material Inventory List."  *Id.*  The Inventory List contained the documents and files related to his criminal case and included "discovery materials provided to him after the conclusion of his direct appeal."  *Id.*  The "discovery materials included a large number of photographs."  *Id.*  The list and the form were stored in box C5-1 and box C5-2.  *Id.*  Anytime Plaintiff access his stored legal materials, he "was required to note this" on a "'Daily Personal Log' which accompanied each box."  *Id.*

Defendant Smalls is the Education Supervisor at Taylor C.I. and oversees all library operations.  *Id.* at 3.  She "is directly responsible for the contents of the Excess Legal Property Storage Room."  *Id.*  Defendant Sprigle is the Library Supervisor at Taylor C.I. and has "direct access to the Excess Legal Property Storage Room.  *Id.*  She supervises Plaintiff and other inmates when they access their stored legal property.  *Id.*  Defendant Vann is a correctional officer assigned to the library at Taylor C.I.  *Id.*  She also has "direct access" to the Excess Legal Property Storage Room and supervises inmates when they access their legal property.  *Id.*  The three Defendants are the only persons who have keys to the Excess Legal

Case No. 4:20cv341-AW-MAF

Property Storage Room and are authorized to enter the room and give inmates access to their legal property. *Id.*

On February 26, 2020, Plaintiff accessed his legal materials and discovered "approximately 2,200" pages of photographs were missing from box C5-1. ECF No. 22 at 4. "He noted this on the Daily Personal Log for box C5-1." *Id.* Plaintiff said that he was never notified that any materials were confiscated or seized, and was never provided with an Impounded Inmate Personal Property Inventory form. *Id.*

Plaintiff spoke with Defendants Sprigle and Vann about the missing documents. *Id.* at 5. They told him that "some unnamed officer" had removed the photographs. *Id.* Plaintiff advised them that he had noted the loss of his property on the Daily Personal Log for box C5-1. *Id.*

One week later, on March 4, 2020, Plaintiff checked out box C5-1 and found the Daily Personal Log sheet was missing from the box. *Id.* at 5. He filed grievances seeking the return of the materials or reimbursement so he could "pay for a public records request to replace the photographs," but his grievances were denied. *Id.* Plaintiff said he was "presently planning to file a collateral challenge to his sentence and conviction" through a Rule 3.850 motion or § 2254 habeas petition, and advised that the photographs

"were crucial in regard to several of the claims to be made in" his post

conviction efforts.   ECF No. 22 at 5.  Plaintiff said the loss of the materials

prevented him from presenting his claims.  *Id.*

Plaintiff said that clerks in the library told him that Defendants Sprigle

and Vann were the ones who removed the 2,200 pages of discovery

materials.  *Id.* at 6.  Further, the clerks said that after Plaintiff discovered

the missing materials, Defendants Smalls, Sprigle, and Vann "had a

conference in the librarian's office and then went into the Library's Excess

Legal Property Storage Room."  *Id.*  When they exited the room "Defendant

Smalls had a single page in her hand," which Plaintiff believes was the

Daily Personal Log on which Plaintiff had noted the missing documents.  *Id.*

Plaintiff further states that the Defendants removed the Log "to cover

up the removal and destruction" of the missing discovery materials.  *Id.*  He

also contends that the materials were deliberately taken to prevent him

"from being able to collaterally challenge his conviction and sentence."  *Id.*

Plaintiff said that Defendants Sprigle and Vann took those "actions due to

their antipathy for [him] and the crimes for which" he had been convicted

and "their belief that the documents would aid" him in obtaining a new trial.

*Id.* at 7.

**Defendants' Summary Judgment Motion, ECF No. 69**

Defendants' summary judgment motion does not address any of the facts alleged by Plaintiff, nor does it provide evidence concerning those facts. Rather, Defendants' summary judgment motion argues that Plaintiff has not shown a constitutional claim, is not entitled to declaratory relief, and Defendants are protected by Eleventh Amendment immunity. ECF No. 69 at 6-13. Defendants primarily argue that Plaintiff is "time-barred from filing" any request for post-conviction relief and cannot demonstrate the violation of his First Amendment right to access the court because he cannot show "actual injury." ECF No. 69 at 9-11.

In support of those arguments, Defendants separately submitted an exhibit - Exhibit A - which pertains primarily to Plaintiff's conviction and not his post-conviction litigation. ECF No. 71. Exhibit A includes an order entered in case # 16-2011-CF-011871, in the Fourth Judicial Circuit, in and for Duval County, Florida, on August 24, 2020. ECF No. 71 at 4-5. The order granted Plaintiff's motion to correct illegal sentence[4] which he had

---

[4] Plaintiff argued that his sentence was illegal because a Prison Releasee Reoffender ("PRR") enhancement had been applied to both counts one and two of his sentence, but count two did not qualify for the enhancement. ECF No. 71 at 4-5. The court agreed and removed the enhancement from count two. *Id.* at 5.

filed on June 10, 2020.  *Id.* at 5.  Exhibit A also includes the verdict form for

Plaintiff's conviction, showing he was found guilty of a home invasion

robbery and possessing a firearm during the commission of the offense.

*Id.* at 7.  The verdict was rendered on February 8, 2013, *id.* at 9-10, and

judgment was entered on March 22, 2013.  *Id.* at 13.  The Florida First

District Court of Appeal affirmed Plaintiff's criminal conviction on January

24, 2014.  ECF No. 71 at 19-20; *see also* Wingard v. State, 130 So. 3d 232

(Fla. 1st DCA 2014).

Defendants' summary judgment motion asserts that "Plaintiff's state

conviction became final on June 19, 2014, when the Florida Supreme

Court dismissed his appeal."  ECF No. 69 at 11 (citing Wingard v. State,

147 So. 3d 531 (Fla. 2014).  Although Defendants did not submit a copy of

the decision from the Florida Supreme Court, judicial notice is taken of

Wingard, 147 So. 3d 531, in which the Florida Supreme Court "determined

that it should decline to accept jurisdiction" and denied the petition for

review.  Based on that decision, Defendants contend that "Plaintiff's state

conviction became final on June 19, 2014, when the Florida Supreme

Court dismissed his appeal."  ECF No. 69 at 11.  Defendants argue that

"[a]ny petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 filed

after June 23, 2015, would be dismissed without consideration of its merits." *Id.*

**Plaintiff's Response**

Plaintiff has disputed Defendants' arguments.  He has done so not by presenting Rule 56 evidence, but through argument.[5]  ECF No. 77.  Plaintiff states that he "does have pending timely post conviction motions in which the photos are at issue," *see* ECF No. 77 at 2, pointing to an "open" case (case number 16-2011-CF-011871) from Duval County, Florida.  ECF No. 77 at 2.  Plaintiff also identifies a pending 28 U.S.C. § 2254 habeas petition which he states is currently being litigated in the United States District Court for the Middle District Court of Florida - case number 3:21cv361-BJD-PDB.  ECF No. 77 at 2.  Thus, Plaintiff contends there is a genuine factual dispute and Defendants' summary judgment motion should be denied.  *Id.* at 3-4.

**Analysis**

"It is now clearly established that prisoners have a constitutional right of access to the courts."  Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir.

---

[5] Plaintiff's response is not sworn under penalty of perjury and, therefore, does not constitute evidence.  Plaintiff did not include a declaration or affidavit.

Case No. 4:20cv341-AW-MAF

2006) (citing <u>Bounds v. Smith</u>, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977)).  This generally requires the State "to shoulder affirmative obligations to assure that indigent prisoners have an adequate opportunity to present their claims fairly."  <u>Barbour</u>, 471 F.3d at 1225 (citing <u>Bounds</u>, 430 U.S. at 824, 97 S. Ct. at 1496).  "However, in order to assert a claim arising from the denial of meaningful access to the courts, an inmate must first establish an actual injury."[6] <u>Lewis v. Casey</u>, 518 U.S. 343, 349-50, 116 S. Ct. 2174, 2179, 135 L. Ed. 2d 606 (1996) (cited in <u>Barbour</u>, 471 F.3d at 1225).

    "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action."  471 F.3d at 1225 (citations omitted).  First, courts have

---

[6] "The requirement that an inmate alleging a violation of <u>Bounds</u> must show actual injury derives ultimately from the doctrine of standing . . . ." <u>Lewis v. Casey</u>, 518 U.S. 343, 349, 116 S. Ct. 2174, 2179, 135 L. Ed. 2d 606 (1996) (explaining "It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts . . . to shape the institutions of government in such fashion as to comply with the laws and the Constitution").  In the context of prisoner civil rights challenges, the Court explained: "It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts; it is for the political branches of the State and Federal Governments to manage prisons in such fashion that official interference with the presentation of claims will not occur." <u>Lewis</u>, 518 U.S. at 349, 116 S. Ct. at 2179.

recognized the specific injury claimed in this case - that Defendants

hindered his ability to prepare or litigate a habeas petition.  *See* Barbour,

471 F.3d at 1225 (citing to Lewis and noting that "a claim could not be

presented to a court because an inmate was so stymied by the law library's

inadequacies that he could not prepare a complaint").  Such a claim is

permissible and viable.

Second, it is well established that an inmate cannot claim denial of

access to courts by his frustration in bringing any type of legal claim; such

claims can only be based on an attempt to pursue a direct appeal from the

conviction for which the inmate is incarcerated, a habeas petition, or civil

rights actions under 42 U.S.C. § 1983 which are brought "to vindicate

'basic constitutional rights.'"  Lewis, 518 U.S. at 354, 116 S. Ct. at 2181-82.

Inmates need to be able "to attack their sentences, directly or collaterally,

and . . . challenge the conditions of their confinement."  518 U.S. at 355,

116 S. Ct. at 2182.  When an inmate shows an actionable claim of this

nature "has been lost or rejected, or that the presentation of such a claim is

currently being prevented, because this capability of filing suit has not been

provided, he demonstrates that the State has failed to furnish 'adequate

law libraries or adequate assistance from persons trained in the law,'

Bounds, 430 U.S. at 828, 97 S.Ct., at 1498 (emphasis added)." Lewis, 518

U.S. at 356, 116 S. Ct. at 2182.  Again, Plaintiff has claimed he was

hindered in litigating a petition for writ of habeas corpus; it is a viable First

Amendment claim.

Defendants argue that Plaintiff's claim is "meritless" because he has

not shown "actual injury."  ECF No. 69 at 10-11.  More specifically,

Defendants contend that any habeas petition filed after his "placement in

Taylor C.I. in 2017," would lack merit because it would be time barred

based on Defendants' contention that his "state conviction became final on

June 19, 2014, when the Florida Supreme Court dismissed his appeal.  *Id.*

at 11.  Under AEDPA (Antiterrorism and Effective Death Penalty Act of

1996), there is a one-year statute of limitations period for filing a § 2254

petition.  San Martin v. McNeil, 633 F.3d 1257, 1265 (11th Cir. 2011) (citing

28 U.S.C. § 2244(d)(1)).  Yet determining whether a habeas petition is time

barred can be challenging because the filing of certain motions for post-

conviction relief stops "the AEDPA clock" and tolls the one-year limitation

period.  San Martin, 633 F.3d at 1266.

Here, Defendants did little to support their argument that any habeas

petition would be time-barred.  Defendants' evidence is partial and

incomplete.  On the other hand, Plaintiff responded to the summary

judgment motion with argument and not evidence.  In an effort to fully

consider Plaintiff's claim, judicial notice is taken of Plaintiff's pending

habeas case which he cited in his response, ECF No. 77 at 2.

Proceeding pro se, Plaintiff filed a habeas petition under § 2254 in

this Court on March 31, 2021.  ECF No. 1 of case # 3:21cv361.  The case

was transferred to the United States District Court for the Middle District of

Florida in April 2021.  ECF Nos. 4-7 of that case.  A response to the

petition was filed by the State in early February 2022.  ECF No. 18 of that

case.  Plaintiff was granted an extension of time to file a reply, and his

reply, ECF No. 23, was filed on July 13, 2022.  Accordingly, Plaintiff's

argument is accepted that he does have a pending habeas case.

Moreover, judicial notice is taken of the State's response to his

§ 2254 petition.  ECF No. 18 of case # 3:21cv361-BJD-PDB.  The State

outlined Plaintiff's post-conviction motions (which he filed after the Florida

Supreme Court dismissed his petition for review on June 19, 2014), *id.* at

6-8, and said that his AEDPA clock "began to run for the first time after the

First DCA issued its Mandate on February 13, 2020." *Id.* at 8.  Ultimately

the State conceded that his "§ 2254 petition was filed on the 279th day, as tolled." *Id.* at 10.

By pointing the Court to his pending habeas petition, Plaintiff has shown that pursuing a habeas petition would not be time barred as argued by Defendants. Further, in taking judicial notice of his habeas proceeding, Defendants' argument - that Plaintiff cannot pursue a habeas petition because it would be time barred - should be rejected.

Defendants next argue that Plaintiff's First Amendment claim in this case is insufficient because he did not sufficiently identify how he was hindered in pursuing a non-frivolous claim. ECF No. 69 at 10. Defendants contend that "a conclusory statement that a plaintiff has been hindered in pursuing a nonfrivolous claim is insufficient." *Id.* Defendants direct the Court's attention to the Barbour v. Haley case, contending that Plaintiff "made only broad, conclusory statements about the nature of his case being non-frivolous and nothing more." *Id.*

In Barbour, the Eleventh Circuit Court of Appeals reiterated that an inmate must prove "actual injury" as required by Lewis v. Casey, 518 U.S. 343, 349–50, 116 S. Ct. 2174, 2179, 135 L. Ed. 2d 606 (1996). Barbour, 471 F.3d at 1225. The Court explained that "[a]t the summary judgment

stage, general factual allegations of injury will not suffice; rather, the plaintiff 'must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true.'"  471 F.3d at 1225.  Actual injury could be shown by demonstrating "that a claim could not be presented to a court because an inmate was so stymied" by a law library's inadequacies or because of a prison official's actions.  *Id.* at 1225.  However, the Court said that to do so, a "plaintiff must identify within his complaint, a 'nonfrivolous,' 'arguable' underlying claim."  471 F.3d at 1226 (quoting Christopher v. Harbury, 536 U.S. 403, 415, 122 S. Ct. 2179, 2187, 153 L. Ed. 2d 413 (2002)).

The Supreme Court explained in Christopher that actual injury to support a loss of access to court claim requires a description of the underlying cause of action "just as much as allegations must describe the official acts frustrating the litigation."  Christopher, 536 U.S. at 415, 122 S. Ct. at 2187.  The Court said that a denial of access to court claim must include allegations which identifies both the underlying cause of action and its lost remedy.  *Id.* at 415–16, 122 S. Ct. at 2187.  Defendants must have "fair notice" of those facts to properly respond, and the Court must have

enough information "to apply the 'nonfrivolous' test."  536 U.S. at 416, 122

S. Ct. at 2187.

In this case, Plaintiff's complaint alleged that he was "presently

planning to file a collateral challenge to his sentence and conviction.  ECF

No. 22 at 5.  That allegation would suggest that he had been prevented

from pursuing a habeas petition.  At the time this case was initiated on July

1, 2020, that assertion makes sense.  However, by the time Plaintiff's

second amended civil rights complaint, ECF No. 22, was filed on May 17,

2021, the allegation does not make sense.  Plaintiff's § 2254 habeas

petition had already been filed on March 31, 2021.  ECF No. 1 of case #

3:21cv361.

Moreover, Plaintiff further alleged that "[t]he photos that were

removed from box C5-1 were crucial in regard to several of the claims to be

made in" the collateral challenge Plaintiff was planning to file.[7]  However,

the complaint failed to allege the claims Plaintiff contends he was

prevented from pursuing.  Plaintiff's complaint did not explain how any of

the missing photographs were relevant or would support an underlying

_____

[7] Plaintiff's response to summary judgment more accurately states that he has
pending "post conviction motions in which the photos are at issue."  ECF No. 77 at 2.

claim.  Plaintiff did not identify any argument that could not be raised in his habeas petition because he no longer possessed the photographs.  In addition, although Plaintiff had notice of Defendants' argument concerning this issue, his response to the summary judgment still fails to provide any clarification as to how the photographs were necessary for Plaintiff to pursue his § 2254 petition.

Rather, Plaintiff's case is based only on the conclusory allegation that the photographs were "crucial," but it is well established that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" are never sufficient to prevent dismissal.  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).  Plaintiff "did not provide anything other than generalized allegations as to how he suffered an actual injury" from the loss of the photographs.  Morris v. McNeil, No. 20-12675-H, 2020 WL 8184458, at *2 (11th Cir. Oct. 23, 2020) (citing Barbour, 471 F.3d at 1225).  Accordingly, he has not demonstrated that he was prevented from pursuing an arguable, non-frivolous claim and, therefore, he has not established the existence of an element essential to his case.

One additional point is worth noting.  To provide thorough review of Plaintiff's claim, judicial notice is taken that one of the grounds asserted in his § 2254 petition was "whether the trial court erred in permitting the state to introduce on rebuttal a very suggestive photo and web page."  ECF No. 1 at 5 (case # 3:21cv361).  That issue concerns only one photograph, so it is far from clear why the loss of over 2,000 photographs is relevant to that claim.  Plaintiff has not alleged that any of the missing photographs would prove his evidence, he has not described any photograph which was taken, nor has he shown that an argument could have been made if he was still in possession of the photographs.  Plaintiff has not specified any claim that he sought to pursue, but was prevented from doing so because of the loss of the photographs.  Summary judgment should be granted in favor of the Defendants on Plaintiff's federal First Amendment access to courts claim.

**State Law Claim**

Plaintiff's amended complaint also asserts a state law claim for denial of access to court.  ECF No. 22 at 7.  Defendants contend that this claim should be dismissed because Plaintiff's federal access to court claim fails to state a cause of action.  ECF No. 69 at 12-13.  Defendants argue that Plaintiff failed to demonstrate "actual injury" and, thus, his "rights under the

Florida Constitution have not been violated, and any related claims should be dismissed." *Id.* at 13.

"A federal court has supplemental jurisdiction over state law claims when they 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a) (quoted in Smith v. City of Tallahassee, 789 F. App'x 783, 789 (11th Cir. 2019)). "But a district court may decline to exercise its supplemental jurisdiction when (1) the state law claim raises a novel or complex issue of state law, (2) the claim substantially predominates over any claims that the district court has original jurisdiction over, (3) the court has dismissed all the other claims that it has original jurisdiction over, or (4) there are other compelling reasons for declining jurisdiction." Smith, 789 F. App'x at 789 (citing 28 U.S.C. § 1367(c)(1)–(4)). Such a decision is entirely within the Court's discretion as specified in 28 U.S.C. § 1367(c)(3).[8] Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004). "The Eleventh Circuit has

---

[8] The exercise of supplemental jurisdiction, previously called "pendent jurisdiction," is discretionary. United Mine Workers v. Gibbs, 383 U.S. 715, 728, 86 S.Ct. 1130, 1140, 16 L.Ed.2d 218 (1966) (stating that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well").

'encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.'"  Raney, 370 F.3d at 1089 (quoted in Lloyd v. Sch. Bd. of Palm Beach Cnty., 570 F. Supp. 3d 1165, 1188 (S.D. Fla. 2021) (dismissing state law claims)).  That is especially true if the state law is not controlled by the federal claim.

In this case, a state law access to court claim is based on article I, section 21, of the Florida Constitution.  It is a specific right rather than an implied one.  Mitchell v. Moore, 786 So. 2d 521, 525 (Fla. 2001) ("The Constitution of the United States does not, however, contain a specific clause providing for this right"); Henderson v. Crosby, 883 So. 2d 847, 849-50 (Fla. 1st DCA 2004) ("The United States Constitution does not include any provision similar to article I, section 21, of the Florida Constitution, expressly recognizing a right of access to the courts"); McCuiston v. Wanicka, 483 So. 2d 489, 491 (Fla. 2d DCA 1986) (citations omitted) (noting the right of access to court is "not among the rights specifically set forth in the Bill of Rights," but stems from other constitutional provisions). Indeed, Florida courts have found that the Florida Constitution provides an inmate with greater rights than does the federal Constitution.  Mitchell, 786 So. 2d at 527 (stating the right to access under Florida's constitution

"deserves more protection than those rights found only by implication");

Lloyd v. Farkash, 476 So. 2d 305, 307 (Fla. 1st DCA 1985) ("courts have an even greater duty to protect the right than where the right is one found by implication").

Consideration of this claim reveals a lack of clarity about whether a Florida constitutional claim requires a showing of "actual injury" or something less such as an "impermissible burden," McCuiston, 483 So. 2d at 492, or a "significantly difficult impediment" test. *See* Mitchell, 786 So. 2d at 527; *see also* Lambrix v. Singletary, 618 So. 2d 787, 788 (Fla. 1st DCA 1993) (noting that when prisoners allege a denial of access to court claim under § 1983, "the federal courts have generally required some showing of prejudice or injury in the form of an actual denial of access to support their claim"). In light thereof, this Court should decline to exercise its supplemental jurisdiction. The state law claim should be left to the wisdom of Florida courts to decide, should Plaintiff desire to pursue it.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that Defendants' motion for summary judgment, ECF No. 69, be **GRANTED in part**. Summary judgment should be granted in Defendants' favor as to Plaintiff's federal

First Amendment claim, but the Court should decline to exercise its

supplemental jurisdiction over the remaining state constitutional claim for

denial of access to court.

   **IN CHAMBERS** at Tallahassee, Florida, on November 15, 2022.


    S/    Martin A. Fitzpatrick
   **MARTIN A. FITZPATRICK**
   **UNITED STATES MAGISTRATE JUDGE**



   <u>**NOTICE TO THE PARTIES**</u>

   **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**