IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LOUIS A. WINGARD, III,**

    **Plaintiff,**

v.                                              Case No. 4:20-cv-341-AW-MAF

**LIBRARY SUPERVISOR SPRIGLE,
OFFICER VANN, and MS. SMALL,**

    **Defendants.**

_____/

## ORDER OF DISMISSAL

Louis Wingard sued three prison employees, alleging that they violated his state and federal rights of access to courts. The operative complaint (the second amended complaint, ECF No. 22) alleges that the three defendants controlled the prison's "Excess Legal Property Storage Room," from which certain of Wingard's discovery files related to his criminal case went missing. ECF No. 22 at 3-6. He sued the three in their individual and official capacities, asserting a § 1983 First Amendment claim and a claim under Article I, § 21 of the Florida Constitution.

Defendants moved for summary judgment, and Wingard responded. The magistrate judge has issued a report and recommendation concluding that summary judgment should be granted as to the federal claims and that the court should decline to exercise jurisdiction over the state-law claims. ECF No. 78. Neither side has filed any objection.

1

Defendants correctly argue that Eleventh Amendment immunity precludes suit against the Defendants in their official capacities. As to the § 1983 claims against Defendants in their individual capacities, they fail on the merits because Wingard has not shown any access-to-courts injury. As to the state-law claims, I exercise my discretion to decline supplemental jurisdiction. So the state-law claims will be dismissed without prejudice.

It is now ORDERED:

1. The Fourth Report and Recommendation (ECF No. 78) is adopted and incorporated into this order.

2. The summary-judgment motion (ECF No. 69) is GRANTED in part. The official-capacity § 1983 claims are dismissed based on Eleventh Amendment immunity. The individual-capacity § 1983 claims are dismissed on the merits. The court declines to exercise discretion as to the state-law claims.

3. The clerk will enter a judgment that says, "This case was resolved at the summary-judgment stage. It is ordered that: (1) Plaintiff's federal claims against Defendants in their official capacities are dismissed based on Eleventh Amendment immunity; (2) Plaintiff's federal claims against Defendants in their individual capacities are dismissed on the merits; (3) Plaintiff's state-law claims are dismissed without prejudice."

4. The clerk will then close the file.

SO ORDERED on January 3, 2023.

                                        s/ *Allen Winsor*
                                        United States District Judge